IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

LEE A. CRAFT,                          )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )      No. 12-3024-JPM-dkv
                                       )
                                       )
PHILIPS ELECTRONICS                    )
NORTH AMERICA CORPORATION,             )
                                       )
      Defendant.                       )

_____

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
AND
REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR JUDGMENT ON
THE PLEADINGS

_____

On November 26, 2012, the plaintiff, Lee A. Craft
("Craft"), filed a *pro se* Complaint under Title VII of the Civil
Rights Act of 1964, (Compl., Docket Entry ("D.E.") 1),
accompanied by a motion seeking leave to proceed *in forma
pauperis*, (D.E. 2), and a motion to appoint counsel, (D.E. 3).
On November 27, 2012, the court issued an order granting Craft
leave to proceed *in forma pauperis*, (D.E. 4), and subsequently
referred the case to the *pro se* staff attorney for screening.
On January 29, 2013, the court denied Craft's motion to appoint
counsel and simultaneously entered an order to issue and effect
service of process to the defendant, Philips Electronics North

America Corporation ("Philips"). (D.E. 5.) On March 4, 2013, Philips filed an answer to the complaint. (D.E. 7.) On March 25, 2013, the case was referred to the United States Magistrate Judge for management and for all pretrial matters, for determination and/or report and recommendation as appropriate. (D.E. 10.) On May 16, 2013, Craft filed a motion to amend the pleadings. (D.E. 13.) On June 3, 2013, Philips filed a response to Craft's motion to amend, (D.E. 16,) and a motion for judgment on the pleadings. (D.E. 16, 17). On June 7, 2013, Craft also filed a motion for judgment on the pleadings, (D.E. 18), to which Philips replied on June 12, 2013, (D.E. 19).

Before the court is Craft's May 16, 2013 motion to amend the pleadings. For the reasons that follow, this motion is denied. Also before the court is Philips's motion for judgment on the pleadings. For the reasons that follow, the court recommends that the motion be granted.

I.  PROCEDURAL AND FACTUAL BACKGROUND

Craft filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC") on October 3, 2011, in which Craft alleged that he was discriminated against and "demoted from his position of team leader in August 2010" based upon his sex. (D.E. 1-3 at 6.) In the charge, he also states that the earliest and latest dates the discrimination

took place was August 1, 2011. (*Id.*)  The EEOC conducted an investigation on the matter and dismissed Craft's discrimination charge, issuing him a right to sue, on August 29, 2012.

On November 26, 2012, Craft filled out and filed a court-supplied complaint form entitled "Complaint under Title VII of the Civil Rights Act of 1964."  Craft attached his EEOC charge to the complaint. In the complaint, Craft alleges that Philips discriminated against him on the basis of sex by terminating his employment on January 25, 2102.  (Compl., D.E. 1 ¶ 9.)  The alleged discrimination occurred on January 25, 2012.  (*Id.* ¶ 5.) In the space provided on the form for stating the circumstances under which the alleged discrimination occurred, Craft asserts that Philips defamed his character, retaliated against him, and wrongfully terminated him:

> The circumstance under which defendant discriminated against plaintiff were as follows:  gender, deformation [sic] of character by managent [sic] and some co-workers. I was fired for showing my write-up as a result of reliation, [sic], wrongful termination, bullying by mangement [sic] manager Sherry McMurrian and supervisor Rolita Turner. I was silenced during pre-shift meeting anybody speak but not me, I was wrote up by Rolita Turner for the process she had not learned the process for, I couldn't tell the people what to do and I was held accountable for incomplete work.  Anytime I contact HR Palak Dwivedi about my concerns and complaints their [sic] was always a backlash from Management.  I have copies of my e-mails.  When I would request a vacation day (the board would be clean) Rolita would deny me.  I had to take the days they told me.  Manage [sic] would let people on the

3

floor know about my conversation with HR and they would talk about me or make comments indirectly to me about me.

(*Id.* ¶ 10.)

On May 16, 2013, Craft filed a motion for leave to amend his complaint. (D.E. 13.) In the proposed amended complaint, Craft alleges the same claims he alleged in the original complaint – sex discrimination, defamation, retaliation, and wrongful discharge, but he alleges some facts that were not included in the original complaint and omits some facts that were included in the original complaint. (*Id.*) As part of his proposed amended complaint, Craft states:

> Philips Lighting has allowed their management team (Sherry McMurrian, Rolita Turner, Gerak Guyot, Palik Dwivedi, Joe Odum) along with certain co-work [sic] (Kim Coleman, Thelma Halbert, Lester Pete) which they fraternize with, if someone within this group dislike anyone they would humiliate, destroy his or her character, tell lies also not afraid to destroy someone lively hood [sic].

(*Id.* at 3.) Further, Craft attached to his amended complaint emails he exchanged with Philips's human resources ("HR") representative between October 30, 2011, and January 9, 2012.

In his proposed amended complaint, Craft also seeks to add a claim for hostile work environment. (*Id.*) In support of this claim, Craft alleges:

> Additionally I experienced a hostile work environment before and after this complaint process began. As a lead on the team, I was asked to do reports that many other leads and

4

supervisors were not required to do.  I completed these reports with the aid of one other lead worker who did the reports but received no training from management.  Additionally, as a lead I received no support from management enforce [sic] directions to my team.  In fact they took opportunities to undermine my authority and encourage insubordination by not taking disciplinary steps when my team members refused instructions.

I followed the company handbook policy to resolve unfair treatment involving a supervisor and contacted the Human Resources Department. After numerous phone calls with no resolution, I sent emails.  Instances of emailing the human resources representatives were often followed by increased unfair treatment and intimidating verbal remarks indicating that certain workers/supervisors were aware of details that were disclosed in my communications with human resources.

(*Id.* at 5.)  The court considers below: (1) Craft's proposed amended complaint containing the additional asserted facts as well as the hostile-work-environment claim, and (2) Philips's motion for judgment on the pleadings.

## II.  ANALYSIS

A.  <u>Craft's Motion For Leave To Amend Complaint</u>

As an initial matter, Craft's motion to amend his original pleading is timely because it was filed before July 19, 2013, the deadline for amending pleadings as set forth in the scheduling order. (*See* Sched. Order, D.E. 14.)  Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be freely given when justice so

requires.  F‌ED. R. C‌IV. P. 15(a).  In exercising its discretion under Rule 15(a), the court considers factors such as futility of amendments and prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A motion for leave to amend may be denied for futility if the pleading as amended could not withstand a motion to dismiss. *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(citation omitted); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted.  F‌ED. R. C‌IV. P. 12(b)(6).  A plaintiff is not required under the Federal Rules of Civil Procedure to set out in detail the facts upon which he bases his claim, but according to Rule 8 must only make "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, the complaint's factual allegations must be enough to raise a right to relief above speculative level and state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  "In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)(citing *Twombly*, 550 U.S. at 555-56).

1. *Hostile-Work-Environment Claim*

Based on the arguments and taking the allegations in the light most favorable to the plaintiffs, there is no possibility that the hostile-work-environment charge could withstand a motion to dismiss. Title VII requires that a plaintiff exhaust his administrative remedies prior to instituting a lawsuit by filing a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *see also Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006).[1] The charge of discrimination must be liberally construed, and it need not "conform to legal technicalities" or "use the exact wording which might be required in a judicial pleading." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(internal quotation marks omitted). Nonetheless, for a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id.* (citing *Davis v.*

---

[1] The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731-32 (6th Cir. 2006)(citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)).

*Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); *see also Hathcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of the charge of discrimination"). Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII." *Powers v. Sonoco Prods, Co.*, No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011).

Craft's October 3, 2011, EEOC charge alleges that he was discriminated against based on his sex when he was demoted from the position of team leader in August 2011.[2] Craft makes no mention of a hostile work environment in this charge and does not state any facts that would lead to an inference of such a claim. In order to establish a claim of hostile work environment under Title VII, Craft should have put forth sufficient facts to support the inference that the workplace harassment unreasonably interfered with Craft's work performance and created an "objectively intimidating, hostile, or offensive work environment." *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008). Craft alleged no such facts in his EEOC charge, and therefore he is precluded from asserting this claim in his

---

[2]    Construing the EEOC charge liberally, the court will treat August 1, 2011 as the date of demotion from team leader and not August 2010.

amended complaint. *Cf. Younis v. Pinnacle Airlines, Inc.*, 610
F.3d 359, 362 (6th Cir. 2010)(affirming dismissal of hostile
work environment claim when the plaintiff did not allege such
claim in his EEOC charge but only cited "discrete acts of
alleged discrimination");[3] *Clark v. Hoops, LP*, 709 F. Supp. 2d
657, 664-65 (W.D. Tenn. 2010)("Construing Plaintiff's EEOC
documents broadly, the Court finds that although Plaintiff
exhausted his administrative remedies as to a claim of disparate
treatment race discrimination, he has not exhausted his
administrative remedies with respect to a claim of hostile work
environment. Plaintiff's EEOC documents focus solely on discrete
acts of discrimination, such as the denial of training, use of
substandard equipment, and discrepancies in pay. Not once does
Plaintiff mention in his EEOC filings that he was subject to
racial slurs or any other form of racial harassment that could
rise to the level of a hostile work environment.").

Accordingly, Craft is denied leave to amend his original
complaint to add a hostile-work-environment claim because such

---

[3]    The Sixth Circuit stated in *Younis*: "As a result, we have
suggested in several unreported cases that the inclusion in an
EEOC charge of a discrete act or acts, standing alone, is
insufficient to establish a hostile-work-environment claim for
purposes of exhaustion." *Younis*, 610 F.3d at 362 (citation
omitted).    For a list of these cases supporting this
proposition, see *id.* at 362 n.1.

an amendment would be futile as it would not withstand a motion to dismiss.

### 2. *Title VII Gender Discrimination Claim*

The proposed amended complaint alleges that Craft was discriminated due to his sex. Although the proposed amendments make do not make clear what adverse employment action Craft claims constituted the alleged gender discrimination, the original complaint alleges that Philips terminated his employment because of sex. However, because the EEOC charge attached to the original complaint alleged "demotion as team leader" because of his sex, the court will consider the sustainability of his claim as both a demotion claim and a wrongful discharge claim.

#### a. Demotion

Craft's EEOC charge contains an allegation that Philips discriminated against him based on his sex by demoting him from his position as team leader. In its motion for judgment on the pleadings, Philips does not address Craft's demotion as a claim on gender discrimination. (*See* D.E. 17.) Although the proposed amended complaint does not allege Craft's demotion as a form of gender discrimination, the court will consider the facts alleged in his EEOC charge in evaluating Craft's proposed amended complaint. *See Amini v. Oberlin Coll.*, 259 F.3d 493,

502-03 (6th Cir. 2001)(reversing a 12(b)(6) dismissal of a discrimination claim where the district court failed to consider the facts alleged in the plaintiff's discrimination charge, which was attached to his complaint).[4]   The EEOC charge of demotion is sufficient to give Philips notice that Craft's gender-discrimination claim is based on his *demotion*.

With respect to the allegation of demotion based on sex, Craft has successfully exhausted his administrative remedies. Nonetheless, Craft's claim that his demotion constituted gender discrimination would not survive a motion to dismiss.   The essential elements of a Title VII gender-discrimination claim are (1) that the plaintiff is a member of a protected group; (2) that he was subjected to an adverse employment decision; (3) that he was qualified for the position; and (4) that either similarly situated females were treated more favorably or he was replaced by a female.   *See Mitchell v. Toledo Hosp.*, 964 F.2d

---

[4]   Although Craft does not attach the EEOC charge to his proposed amended complaint, it was filed with the original complaint, and, therefore, the court may consider the EEOC charge because it is a matter of "public record" and an item that appears "in the record of the case."   *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, *and exhibits attached to the complaint,* also may be taken into account."(quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)(emphasis in original)).

11

577, 583 (6th Cir. 1992). Further, because Craft is a male alleging gender discrimination, he must demonstrate background circumstances supporting the allegation that Philips is the unusual employer who discriminates against males. *Gielda v. Bangor Twp. Sch.*, No. 11-2149, 2012 WL 5869933, at *4 (6th Cir. Nov. 20, 2012).

The proposed amended complaint, supplemented by the attached emails,[5] sets forth sufficient facts that, when presumed true, show that Craft is a member of a protected class was subjected to an adverse employment action, and that he was qualified for the position from which he was demoted. (D.E. 13.)

---

[5] Craft attaches to the proposed amended complaint emails that he exchanged with Philips's HR department regarding workplace issues. (D.E. 13.) These emails would be part of the pleadings because they have been incorporated by reference and attached to the amended complaint. Federal Rule of Civil Procedure 10(c) states that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." FED. R. CIV. P. 10(c). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *Id.; see also Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004)("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002))(citation omitted). Therefore, when considering the futility of the amended complaint, the court will consider the exhibits to the proposed amended complaint.

However, Craft's gender discrimination claim, to the extent it is based on his demotion, fails to state facts sufficient to establish the fourth prong of his prima facie case. To be considered "similarly situated," individuals "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992); *see also Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994)("The similarity between the compared employees must exist in all relevant aspects of their respective employment circumstances."). Among the differentiating and/or mitigating circumstances that may establish that two employees are not similarly situated are "differences in job title and responsibilities, experience, and disciplinary history." *Campbell v. Hamilton Cnty.*, 23 F. App'x 318, 325 (6th Cir. 2001). There need not be an "exact correlation" between the plaintiff and the individual treated more favorably; rather, the two "must be similar in all of the *relevant* aspects." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)(internal quotation marks omitted)(emphasis in original).

In an exhibit to the proposed amended complaint, which the court will presume Craft intended as an addendum to the proposed amended complaint, Craft alleges that: (1) no disciplinary action was taken towards a female coworker for making a mistake that cost the company $40,000; (2) no disciplinary action was taken towards a female coworker who slapped a male coworker; and (3) no disciplinary action was taken towards a female coworker who tried to run over a male co-worker in the warehouse. (D.E. 13-2.) The factual allegations in the proposed amended complaint fail to provide a connection or even an inference that Craft's demotion was in any way connected to his gender. Craft has failed to allege that the female coworkers, who were allegedly treated more favorably than he was, are similarly situated to him. Craft does not allege that the female coworkers had the same supervisor, were subject to the same standards, engaged in the same conduct, or had the same job title, responsibilities, experience, and disciplinary history as Craft. In addition, in his proposed amended complaint, Craft states that the management team, consisting of apparently males and females, would humiliate other workers, and destroy "his or her character," indicating that the actions taken by the management team were not directed solely toward males. In sum, Craft does not set forth any facts to support an inference that

the female coworkers are similarly situated to him, or to otherwise show how his demotion was related to his sex.

b. Wrongful Discharge

To the extent that the proposed amended complaint alleges that Craft's termination constituted gender discrimination, Craft has failed to exhaust his administrative remedies on such a claim. Craft filed an EEOC charge in October 2011 regarding only his demotion. Craft has not filed any other EEOC charge with respect to his termination claim on January 25, 2012, and his deadline to do so was November 20, 2012. Thus, Craft's claim of termination based on gender discrimination is time-barred.

Because the allegations of gender discrimination would not survive a motion to dismiss, it would be futile to allow Craft to amend the complaint with respect to those allegations. Therefore, Craft's motion to amend the complaint in relation to his Title VII gender discrimination claim is denied.

3. *Title VII Retaliation Claim*

The proposed amended complaint asserts a claim of retaliation. (D.E. 13, at 2.) Although Craft does not specify as much, the court will address Craft's retaliation claim as if arising under Title VII.

It is unclear what adverse action Craft alleges as retaliation in the proposed amended complaint. On the first page of his motion to amend, Craft does not mention retaliation but states he is "fil[ing] an admentment for wrongful termination, gender/sex, mental anguish/humiliation, defamation of character and a hostile work environment." (D.E. 13 at 1.) On the second page, he states, " I, Lee Craft am seeking compensatory damages . . . for the following: gender/sex discrimination, mental anguish, defamation of character, and a hostile work environment (retaliation and wrongful termination). (*Id.* at 2.)

To the extent Craft alleges that his termination constituted retaliation, Craft has failed to exhaust administrative remedies with respect to such a claim. Craft's EEOC charge only alleges that Craft's demotion constituted gender discrimination, and it was filed before Craft was ever terminated from Philips. Following his termination, Craft did not file an additional EEOC charge alleging retaliatory termination.

To the extent Craft alleges that the adverse action is his demotion, Craft has also failed to exhaust his administrative remedies. Craft checked the "Retaliation" box in the EEOC intake questionnaire, but did not do as much in his EEOC charge

16

of discrimination.  However, Craft did check "Box 2" in the EEOC intake questionnaire, indicating his intent to file a charge. Because Craft checked "Box 2", the intake questionnaire constitutes a "charge" for purposes of the administrative exhaustion requirement of the plaintiff's Title VII claim.  *See Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402, 128 (2008)("If a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."); *Lukic v. Eisai Corp. of N. Am., Inc.*, 2:11-CV-02706-JPM, 2013 WL 321689, at *8 (W.D. Tenn. Jan. 28, 2013) (stating that the intake questionnaire did not qualify as a charge because plaintiff "failed to check one of two boxes that would indicate whether she wanted to file a claim or merely wanted more information").  Nevertheless, although he checked the "Retaliation" box, Craft did not put forth any facts, either in his charge of discrimination or in his EEOC intake questionnaire, to support his retaliation charge. Therefore, the EEOC was not on notice of the retaliation claim because it does not reasonably grow out of the scope of facts that Craft alleged in the EEOC intake questionnaire or his EEOC charge.  *See Bray v. Palm Beach Co.*, 907 F.2d 150, 1990 WL 92672, at *2 (6th Cir. June 29, 1990) ("The facts alleged in the

body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge.").

Even assuming Craft exhausted his administrative remedies, he does not allege a plausible claim of retaliation, to the extent such claim is based on his demotion. To state a claim of retaliation under Title VII, Craft must allege that: (1) he acted in a manner protected by Title VII; (2) Philips knew of this exercise of protected activity; (3) Philips subsequently took an adverse action against Craft; (4) the adverse action had a causal connection to the protected activity. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, or (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

Craft's proposed amendments fail to allege sufficient facts to satisfy the first and fourth prongs of a Title VII retaliation claim with respect to his demotion as team leader. Craft's emails to HR reflect that Craft complained to HR about alleged instances of workplace problems between October 30,

2011, and January 9, 2012, after he was demoted in August of 2011. Craft does not allege any protected activity prior to his demotion in August of 2011.

As to the fourth prong, "[t]o demonstrate a causal connection between a materially adverse action . . . and the exercise of protected rights, a plaintiff must proffer evidence sufficient to raise the inference that [the] protected activity was the likely reason for the adverse action." *Lindsey v. Whirlpool Corp.*, 295 F. App'x 758, 769 (6th Cir. 2008)(citation and internal quotation marks omitted). Craft does not allege any facts to raise the inference that his action of complaining to HR or engaging in a protected activity was the likely reason for his demotion.

In the emails attached to the proposed amended complaint, Craft alleges other actions taken by management, such as backlashing at him, harassing him, denying his vacation days, not following the employee handbook, telling him lies, and making comments about him to other employees. (D.E. 13.) To the extent Craft alleges these actions were taken in retaliation for him complaining to the HR department, these are not the sort of actions that constitute "adverse actions" for purposes of a retaliation claim. The Sixth Circuit has held that a plaintiff claiming retaliation must show that she suffered "a materially

adverse change in the terms of her employment." *White v. Burlington N. & Santa Fe R. Co.*, 364 F.3d 789, 797 (6th Cir. 2004) *aff'd sub nom. Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)(citation and internal quotation marks omitted). "A mere inconvenience or an alteration of job responsibilities or a bruised ego is not enough to constitute an adverse employment action." *White*, 364 F.3d at 797 (citation and internal quotation marks omitted); s*ee also Holcomb v. Powell*, 433 F.3d 889, 902 (D.C. Cir. 2006)("Although purely subjective injuries, such as dissatisfaction with a reassignment, public humiliation, or loss of reputation, are not "adverse actions" for purposes of retaliation claim, threshold is met when employee experiences materially adverse consequences affecting terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm. " (citation and internal quotation marks omitted)). Craft's allegations do not rise to the threshold of being materially adverse. The asserted actions alleged by Craft, to the extent that they amount to injuries, are purely subjective injuries, which do not constitute adverse employment actions under Title VII.

Because Craft's retaliation claim would not survive a motion to dismiss, it would be futile to allow Craft to amend

the complaint to raise allegations related to such a claim. Therefore, Craft's motion to amend the complaint is denied to the extent he sees to raise allegations of retaliation under Title VII.

4. *Retaliation Claim Under State Law*

The court will also analyze Craft's retaliation claim as a state-law claim of retaliatory discharge. "In Tennessee a claim of retaliatory discharge may take one of two forms: statutory or common law." *Clark v. Hoops, LP*, 709 F. Supp. 2d 657, 669 (W.D. Tenn. 2010)(citation omitted). Tennessee's retaliatory discharge statute, Tennessee Public Protection Act ("TPPA"), does not preempt the common-law tort of retaliatory discharge. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 537 (Tenn. 2002). Therefore, the court construes Craft's proposed amended complaint to assert a claim for retaliatory discharge under both the TPPA and the common law.

"A claim for retaliatory discharge is a tort action which is governed by the general tort statute of limitations which requires that a lawsuit be 'commenced within one (1) year after the cause of action accrued . . . .'" *Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996)(citing, *inter alia*, Tenn. Code Ann. § 28-3-104). "An employee's cause of action for retaliatory discharge accrues 'when the employee is given unequivocal notice

21

of the employer's termination decision.'" *Clark v. Hoops, LP*, 709 F. Supp. 2d 657, 669 (W.D. Tenn. 2010)(quoting *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001)). Clark's statutory and common law retaliatory discharge claims are timely. Clark was given notice of his termination on January 25, 2012, and filed a *pro se* complaint within the year.

Nevertheless, Craft's retaliatory discharge claim fails because Craft does not set forth sufficient facts to state a prima facie case of retaliatory discharge. "To prevail under the TPPA, the plaintiff must establish (1) his status as an employee of the defendant employer; (2) his refusal to participate in, or remain silent about, 'illegal activities' as defined under the [TPPA]; (3) his termination; and (4) an exclusive causal relationship between his refusal to participate in or remain silent about illegal activities and his termination." *Franklin v. Swift Trans. Co., Inc.*, 210 S.W.3d 521, 528 (Tenn. Ct. App. 2006)(citing TENN. CODE ANN. § 50-1-304). "Illegal activities" is statutorily defined as "activities that are in violation of the criminal or civil code of this state or the United States or [any] regulation intended to protect the public health, safety, or welfare." *Franklin*, 210 S.W.3d at 528 (citing TENN. CODE ANN. § 50-1-304(a)(3)). Correspondingly, a plaintiff asserting a common law retaliatory discharge claim

must show "(1) that an employment-at-will relationship existed; (2) that he was discharged; (3) that the reason for his discharge was that he attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and (4) that a substantial factor in the employer's decision to discharge him was his exercise of protected rights or his compliance with clear public policy." *Crews v. Buckman Lab. Int'l Inc.*, 78 S.W.3d 852, 862 (Tenn. 2002).

Craft's retaliatory discharge claim fails because Craft does not allege that he was terminated for attempting to exercise a statutory or regulatory right. Craft's failure to allege a statutory or regulatory basis for his claim "precludes the Court from determining whether Defendant violated a statute or regulation that implicates (1) the public health, safety, or welfare as required by the TPPA or (2) important public policy concerns as required by the common law." *Clark v. Hoops, LP*, 709 F. Supp. 2d 657, 670 (W.D. Tenn. 2010)(citing *Franklin v. Swift Trans. Co., Inc.*, 210 S.W.3d 521, 529-30 (Tenn. Ct. App. 2006)). "The Court cannot assume that any violation of a statutory or regulatory scheme implicated fundamental policy concerns." *Clark*, 709 F. Supp. 2d at 670. Craft has not met

the burden of demonstrating that he was discharged because of his attempt to exercise a statutory or regulatory right, and therefore his retaliatory discharge claim must fail.

Because the allegations would not survive a motion to dismiss, it would be futile to allow Craft to amend the complaint with respect to any state-law retaliatory discharge claim.[6] Therefore, Craft's motion to amend the complaint to that extent is denied.

5. *Defamation-of-Character Claim*

The proposed amended complaint alleges that (1) Sherry McMurrian, Philips' District Manager, referred to Craft as an "irate employee and a sexual predator" in the trial transcripts, which he attaches to his proposed amended complaint (D.E. 13-2); and that (2) Sherry McMurrian, Joe Oldrum, and William Gordon falsely accused Craft of harassing Kim Coleman, (D.E. 13 at 5). Taking these allegations are true, the court will examine whether they are sufficient to state a claim for defamation.

To state a prima facie case of defamation in Tennessee, "the plaintiff must [allege] that (1) a party published a statement; (2) with knowledge that the statement was false and

---

[6]     Moreover, because the court has found that Craft has failed to state a claim under federal law, the state law claims are subject to dismissal for lack of subject-matter jurisdiction. The court does not have diversity jurisdiction because both Craft and Philips are citizens of Tennessee.

defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). "Publication" is a term of art meaning the communication of defamatory matter to a third person. *Id.* Libel is written defamation and slander is spoken defamation. *Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818, 820 (Tenn. 1994). "The basis for an action for defamation, whether it be slander or libel, is that the defamation has resulted in an injury to the person's character and reputation." *Davis v. The Tennessean*, 83 S.W.3d 125, 128 (Tenn. Ct. App. 2001). "Actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered." Tenn. Code Ann. § 28-3-103.

At common law, a complaint for slander had to set out the exact language of the defamatory statement. *See Lackey v. Metro. Life Ins. Co.*, 174 S.W.2d 575, 582 (1943). With the adoption of the Tennessee Rules of Civil Procedure, that requirement was relaxed, and the complaint was deemed valid if it set forth the substance of the slanderous statement. *Handley v. May*, 588 S.W.2d 772, 774-75 (Tenn. Ct. App. 1979). However, in addition to the substance of the statement, a plaintiff must plead the "time and place of the utterance" so as to apprise the

defendant "of the allegations that he must defend against." *Id.* at 775.

Also, "a corporation is not held liable for the slanderous words spoken by an employee unless the plaintiff shows that either the employer authorized the speaking of the slanderous words, or that it would be necessary for an employee to speak them in the performance of the duty assigned to the employee, or that the statements had been ratified by the employer." *Tate v. Baptist Mem'l Hosp.*, Case No. W1999-00553-COA-R3-CV, 2000 WL 1051851, at *4 (Tenn. Ct. App. July 28, 2000)(citation omitted).

As an initial matter, Craft has not stated when any of the alleged defamatory statements were made; however, it is apparent from the complaint that they would have been made while Craft was still employed at Philips. Even if the court assumes that the statements were made on January 25, 2011, the day Craft was terminated, the defamation claim is time-barred because Craft commenced this action more than six months after that date.

Craft's second allegation would also fail on other grounds: Craft has not alleged that there has been publication with regards to this allegation. A publication is the communication of defamatory matter to a third person. Craft has not alleged that Sherry McMurrian, Joe Oldrum, or William Gordon communicated the defamatory remark to a third person; in fact,

Craft alleges that these individuals communicated the remark to Craft himself. (*See* D.E. 13-2, at 2.)

Further, with respect to both allegations, Craft has not alleged that Philips authorized the speaking of the alleged slanderous words or that Philips ratified the alleged statements. To the contrary, as shown in the emails attached to the proposed amended complaint, Philips's HR representative had continuously communicated to Craft that they take such allegations seriously and were investigating the matter further. Therefore, Craft has not alleged sufficient facts to show that Philips authorized or ratified the defamatory statements.

Because these allegations would not survive a motion to dismiss, it would be futile to allow Craft to amend the complaint with respect to the claim for defamation.[7] Therefore, Craft's motion to amend the complaint regarding the defamation claim is denied.

For the reasons stated above, the court denies Craft's motion for leave to amend the complaint because the pleadings as amended could not withstand a motion to dismiss.

B.   Philips's Motion For Judgment On The Pleadings

---

[7]   Moreover, because the court has found that Craft has failed to state a claim under federal law, the state-law claims are subject to dismissal for lack of subject-matter jurisdiction. Further, there is no diversity jurisdiction because both Craft and Philips are citizens of Tennessee.

When considering a motion under Fed. R. Civ. P. 12(c), the court must accept the factual allegations in the complaint as true and make all reasonable inferences in favor of the nonmoving party. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549-50 (6th Cir. 2008); *Cooper v. Parrish*, 20 F. Supp. 2d 1204, 1208 (W.D. Tenn. 1998). The original complaint alleges claims for gender discrimination, wrongful termination, retaliation, and defamation. The court considers each of these claims below.

1. *Title VII Gender Discrimination Claim*

The original complaint alleges that Philips discriminated against Craft based on his sex by terminating him. (D.E. 1 ¶ 9.) Because Craft has failed to exhaust his administrative remedies with regard to this claim, the court recommends that this claim be dismissed. Craft's EEOC charge was filed before Craft was terminated, and therefore it does not assert any claims that arise out of his termination. *See* analysis *supra* Part A.2.b.

To the extent that the original complaint claims that Philips discriminated against Craft on the basis of his sex by demoting him, Craft does not put forward sufficient facts to show that similarly situated females were treated more favorably than him. *See* analysis *supra* Part A.2.a. In addition, as Craft

is male, he has failed to set forth facts to support an allegation that Philips is the unusual employer who discriminates against males. *See id.*

The court recommends that Philips's motion for judgment on the pleadings be granted as to the Title VII gender discrimination claim.

2. *Title VII Retaliation Claim*

The original complaint alleges that Philips fired Craft in retaliation for "showing [his] write-up." (Compl., D.E. 1 ¶ 10.) Craft has failed to exhaust his administrative remedies in such a claim. Craft's EEOC charge was filed before Craft was terminated and, as such, it does not assert any claims that arise out of his termination. *See supra* Part A.3.a.

To the extent that the original complaint alleges that Craft's demotion constituted gender discrimination, Craft has failed to allege sufficient facts to state a plausible claim for relief. Craft does not clearly allege what protected activity is the basis for his demotion. Assuming that Craft alleged that Philips demoted him because he had filed complaints with Philips's HR department, Craft does not provide sufficient facts to raise the inference that his demotion had any link to such activity. *See supra* Part A.3.b.

The original complaint, together with the attached emails, further alleges that (1) there was a "backlash" from management every time Craft contacted Philips's HR department, (2) management would deny him his vacation days, (3) management would "let people on the floor know about [his] conversations with HR and they would talk about [him] or make comments indirectly," (4) management would harass him, and (5) management would lie to him. (D.E. 1 ¶ 10 & D.E. 1-2.) The alleged actions by management are not "adverse actions" for purposes of a retaliation claim. Craft alleges purely subjective injuries, which do not constitute adverse employment actions under Title VII. *See* analysis *supra* Part A.3.b

The court recommends that Philips's motion for judgment on the pleadings be granted as to the Title VII retaliatory claim.

3. *State-Law Retaliation Discharge Claim*

The original complaint alleges that Philips fired him in retaliation for "showing [his] write-up." (Compl., D.E. 1 ¶ 10.) Assuming that the "write-up" refers to Craft's written disciplinary warning, this claim must similarly fail because Craft does not allege that he was terminated because he attempted to exercise a statutory or regulatory right. *See* analysis *supra* Part A.4. Assuming that the "write-up" refers to the filing of an EEOC charge, this claim must fail because Craft

does not invoke a statutory or regulatory violation, much less set forth facts making it plausible that such violation occurred. *See* analysis *supra* Section A.4. The court recommends that Philips's motion for judgment on the pleadings be granted with respect to the state-law retaliatory discharge claim.

    4. *Defamation-of-Character Claim*

The original complaint alleges that Philips defamed Craft's character, but does not state any particular defamatory statements that Philips' management or employees made about him. (Compl., D.E. 1 ¶ 10.) Craft's allegations are not sufficient to state a claim for defamation of character. Craft does not set forth the alleged defamatory statements, when they occurred, who uttered them, and whether they were uttered to a third person. *See* analysis *supra* Part A.5. Further, the court assumes that any alleged defamatory statements would have occurred before Craft's termination date of January 25, 2011, more than six months before Craft brought the lawsuit. As such, Craft's defamation claim is time-barred. The court recommends that Philips' motion for judgment on the pleadings be granted as to the defamation claim.

CONCLUSION AND RECOMMENDATION

Accordingly, the motion for leave to file an amended complaint is denied. Additionally, the court recommends that

Philips's motion for judgment on the pleadings be granted on all claims.

IT IS SO ORDERED this 8th day of July, 2013.


                              s/ Diane K. Vescovo
                              DIANE K. VESCOVO
                              UNITED STATES MAGISTRATE JUDGE