# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LEE A. CRAFT, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:12-cv-03024-JPM-dkv |
| PHILIPS ELECTRONICS NORTH | ) |
| AMERICA CORPORATION, | ) |
|     Defendant. | ) |

**ORDER ADOPTING IN PART THE REPORT AND ADOPTING THE RECOMMENDATION;**
**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS;**
**AND**
**ORDER CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report and Recommendation"), which was filed on July 8, 2013. (See ECF No. 22.) In the Report and Recommendation, the Magistrate Judge recommends that the Motion for Judgment on the Pleadings (ECF No. 17) of Defendant Philips Electronics North America Corporation ("Defendant" or "Philips") be granted. (See ECF No. 22 at 31-32.) Plaintiff Lee A. Craft ("Plaintiff" or "Craft") has not filed any objections to the Report and Recommendation and the deadline for doing so has passed.

Before the Court is also Plaintiff's Motion for Judgment on the Pleadings, which was filed on June 6, 2013. (See ECF

No. 18.) Defendant responded in opposition on June 12, 2013. (See ECF No. 19.)

For the reasons stated below, the report is ADOPTED IN PART and the recommendation is ADOPTED. Defendant's Motion for Judgment on the Pleadings (ECF No. 17) is GRANTED, and Plaintiff's claims are hereby DISMISSED WITH PREJUDICE. Plaintiff's Motion for Judgment on the Pleadings (ECF No. 18) is thus DENIED AS MOOT. Furthermore, pursuant to 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal would not be taken in good faith.

## II. STANDARD OF REVIEW

The Court explains the standard of review applicable to review of the Report and Recommendation and then the standard of review applicable to a motion for judgment on the pleadings.

### A. Report and Recommendation

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee notes (1983 Addition) (Subdivision (b)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

**B. Judgment on the Pleadings**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Coyer v. HSBC Mortg. Servs., Inc., 701 F.3d 1104, 1108-09 (6th Cir. 2012) (per curiam) (quoting Tucker v. Middleburg–Legacy Place, LLC, 539 F.3d 545, 549 (6th Cir. 2008)) (internal quotation marks omitted). "A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Id. at 1109 (quoting Tucker, 539 F.3d at 549) (internal quotation marks omitted).

In making these determinations, "[t]he manner of review under [Rule] 12(c) is the same as a review under Rule 12(b)(6)." Jelovsek v. Bredesen, 545 F.3d 431, 434 (6th Cir. 2008) (internal quotation marks omitted). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to

3

relief that is plausible on its face.'" Keys v. Humana, Inc., 684 F.3d 605, 608 (6th Cir. 2012) (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

When reviewing a motion to dismiss pursuant to 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. (alteration in original) (citation omitted) (internal quotation marks omitted).

**III. ANALYSIS**

The Court considers whether to adopt the Magistrate Judge's recommendation to grant Defendant's Motion for Judgment on the Pleadings (ECF No. 17), whether to grant Plaintiff's Motion for

4

Judgment on the Pleadings (ECF No. 18), and whether an appeal would be taken in good faith.

>     **A.  The Court Adopts the Recommendation Because Plaintiff Did Not Raise Any Title VII Claims for Relief Based Solely on His Demotion.**

The Court considers whether to adopt the Magistrate Judge's report regarding Title VII claims based solely on Plaintiff's demotion and then whether to adopt the Magistrate Judge's recommendation that the Court grant Defendant's Motion for Judgment on the Pleadings (ECF No. 17).

>     **1.  The Court Rejects the Magistrate Judge's Report Regarding Title VII Claims Based Solely on Plaintiff's Demotion.**

Requiring that Plaintiff's "complaint establish a prima facie case under McDonnell Douglas [Corp. v. Green, 411 U.S. 792 (1973)] and its progeny is contrary to Supreme Court and Sixth Circuit precedent." Keys, 684 F.3d at 609. "[T]he prima facie case under McDonnell Douglas is an evidentiary standard, not a pleading requirement." Id. (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002)). Accordingly, a complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,' id. at 610 (quoting Iqbal, 556 U.S. at 678, 679), that the defendant "'discriminate[d] against [the plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, because of [his] race,

color, religion, sex, or national origin," id. (first alteration in original) (quoting 42 U.S.C. § 2000e–2(a)(1)).

The Magistrate Judge's report mistakenly relies on McDonnell Douglas in evaluating Title VII claims based solely on Plaintiff's demotion. The Magistrate Judge's analysis refers to the elements of a prima facie claim for sex discrimination (see ECF No. 22 at 28 (referring to the analysis at page eleven)) and retaliation (see id. at 29-30 (appearing to refer to the analysis at page eighteen)). The elements for a prima facie claim referenced by the Magistrate Judge are derived from McDonnell Douglas. See Fuhr v. Hazel Park Sch. Dist., 710 F.3d 668, 674 (6th Cir. 2013) (applying McDonnell Douglas and listing the elements for a prima facie case of retaliation pursuant to Title VII); Serrano v. Cintas Corp., 699 F.3d 884, 892-93 (6th Cir. 2012) (applying McDonnell Douglas and listing the elements for a prima facie case of discrimination pursuant to Title VII).

The Court declines to adopt this analysis. See Keys, 684 F.3d at 609. Accordingly, the Magistrate Judge's report regarding Title VII claims for sex discrimination and retaliation based solely on Plaintiff's demotion is rejected.

### 2. Despite Rejecting Part of the Magistrate Judge's Report, the Court Adopts the Magistrate Judge's Recommendation.

After reviewing the record, the Court finds clear error only in the application of McDonnell Douglas to Title VII claims

6

for relief based solely on Plaintiff's demotion.  In his Complaint, however, Plaintiff does not raise Title VII claims based solely on his demotion.  Accordingly, the Court need not adopt the referenced application of McDonnell Douglas in order to adopt the Magistrate Judge's recommendation that the Court grant Defendant's Motion for Judgment on the Pleadings.  (ECF No. 17.)

"We are ever mindful that pro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys."  Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 358 (6th Cir. 2012).  "Though the pleading standard for pro se litigants is liberal, it is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'"  Clark v. Johnston, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)).

In the instant case, Plaintiff raises claims based on his termination but does not raise claims based solely on his demotion.  In his Complaint, Plaintiff identifies only one discriminatory action:  that Defendant "terminated plaintiff's employment" because of Plaintiff's sex.  (See ECF No. 1 at ¶ 9(b).)  Furthermore, the date of the discriminatory action is

7

listed as January 25, 2012[1] (see id. ¶ 5), but Plaintiff was demoted in August 2010 (see ECF No. 1-3 at PageID 31).[2]  Finally, in describing the circumstances of discrimination, Plaintiff refers to "deformation [sic] of character," to being "fired for showing my write-up as a result of reliation [sic]," and to "wrongful termination."  (See ECF No. 1 ¶ 10.)  Plaintiff does raise a claim for relief based solely on the demotion itself.

Plaintiff attached to the Complaint his Equal Employment Opportunity Commission (the "EEOC") Charge of Discrimination (see ECF No. 1-3), but this is not dispositive evidence that he raised a claim based his demotion.  The Charge of Discrimination asserts sex discrimination based solely on his demotion.  (See ECF No. 1-3 at PageID 31.)  In the Complaint, Plaintiff's refers to the Charge of Discrimination, which he filed on October 3, 2011 (see id.), in the following statement:  "Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraph 9 of this complaint on or about 10 03 2011"[3] (see ECF No. 1 ¶ 7).  Paragraph nine of the Complaint, however, states only that Defendant "terminated

---

[1] The document indicates that the format should be "(day) (month) (year)." (See ECF No. 1 ¶¶ 5-7.)  Because there is no twenty-fifth month, the Court assumes that Plaintiff indicated dates as "(month) (day) (year)."
[2] When documents are not consecutively paginated, or a single filing contains multiple documents, the Court refers to the Page Identification ("PageID") number that is at the top right of documents filed on the Case Management/Electronic Case Files system.
[3] See supra note 1.

8

plaintiff's employment." (See id. at ¶ 9(b).) Furthermore, even if the reference to "my write-up" in paragraph ten is interpreted as a reference to his EEOC Charge of Discrimination (see ECF No. 1-3 ¶ 10), Plaintiff claims that he is entitled to relief because he was "fired for showing" it and not for the demotion itself. Accordingly, the Complaint indicates that the EEOC Charge of Discrimination is intended only to support Plaintiff's claims for discriminatory termination. Even construing the Complaint liberally, Plaintiff did not raise a claim based solely on his demotion. See Clark, 413 F. App'x at 817.

Accordingly, the Recommendation that Defendant's Motion for Judgment on the Pleadings "be granted on all claims" (see ECF No. 22 at 32) is ADOPTED. Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

### B. Plaintiff's Motion for Judgment on the Pleadings Is Moot.

In his Motion for Judgment on the Pleadings (ECF No. 18), Plaintiff merely states that "[t]he reasons to pursue this case is I have witnesses on everything that I claim," lists the contact information for five people, and states that "[t]here are (3) Philips employees that wanted to come forth, because the fear of retaliation they asked me not to use their names." (See id. at PageID 646.)

The Court finds that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 18) is moot because Plaintiff requests that he be allowed "to pursue this case" but all of his claims against Defendant have been dismissed.[4] See Hrivnak v. NCO Portfolio Mgmt., Inc., 719 F.3d 564, 567 (6th Cir. 2013) ("If after filing a complaint the claimant loses a personal stake in the action, making it 'impossible for the court to grant any effectual relief whatever,' the case must be dismissed as moot." (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992))).

### C. The Court Certifies that an Appeal Will Not Be Taken in Good Faith.

"[D]istrict courts [should] make a certification under [28 U.S.C.] § 1915(a)(3) for all cases filed by . . . non-prisoners seeking leave to proceed in forma pauperis on appeal." McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997), overruled on other grounds by LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).

Any appeal of this Order would not be taken in good faith. Regarding this Order's adoption of the Report and Recommendation, an appeal by Plaintiff would not be taken in good faith because Plaintiff has waived his right to an appeal

---

[4] Even if Plaintiff's Motion for Judgment on the Pleadings (ECF No. 18) were treated as a response to Defendant's Motion for Judgment on the Pleadings (ECF No. 17), Plaintiff's Motion (ECF No. 18) would not change the Court's determination because Plaintiff's Motion (id.) does not indicate that Plaintiff raised a claim based solely on his demotion.

10

by not filing any objections to the Report and Recommendation. See <u>Keeling v. Warden, Lebanon Corr. Inst.</u>, 673 F.3d 452, 458 (6th Cir. 2012) (stating that the Sixth Circuit has "establish[ed] a general rule that failure to file objections to [a report and recommendation] waives appellate review of the district court judgment."). Furthermore, in light of the Court's adoption of the Report and Recommendation, an appeal of this Order regarding the Court's finding that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 18) is moot would be frivolous. See <u>Bridgeport Music, Inc. v. Smith</u>, 714 F.3d 932, 944 (6th Cir. 2013) ("An appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." (internal quotation marks omitted)).

Accordingly, pursuant to 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal of this Order would not be taken in good faith. Plaintiff may not proceed in forma pauperis on appeal.

**IV. CONCLUSION**

For the reasons stated above, the report is ADOPTED IN PART and the recommendation is ADOPTED. Defendant's Motion for Judgment on the Pleadings (ECF No. 17) is GRANTED, and Plaintiff's claims are hereby DISMISSED WITH PREJUDICE. Plaintiff's Motion for Judgment on the Pleadings (ECF No. 18) is thus DENIED AS MOOT. Furthermore, pursuant to 28 U.S.C.

§ 1915(a)(3), it is CERTIFIED that any appeal would not be taken in good faith.

**IT IS SO ORDERED,** this 19th day of August, 2013.

/s/ Jon P. McCalla  
JON P. McCALLA  
CHIEF JUDGE, U.S. DISTRICT COURT