```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

| | |
|---|---|
| LEE A. CRAFT,            )<br>     Plaintiff,         )<br>                          )<br>v.                        )<br>                          )   No. 2:12-cv-03024-JPM-dkv<br>PHILIPS ELECTRONICS NORTH )<br>AMERICA CORPORATION,      )<br>                          )<br>     Defendant.          ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN AND KEEP AMENDED CHARGES**

Before the Court is Plaintiff's Motion to Reopen and Keep Amended Charges, filed September 19, 2013. (ECF No. 26.) Defendant responded in opposition on October 2, 2013. (ECF No. 27.) On October 30, 2013, Plaintiff filed a reply without leave of the Court. (ECF No. 28; <u>see also</u> Local Rule 7.2(c).) For the reasons stated below, the Motion is DENIED.

I.   BACKGROUND

On October 3, 2011, Plaintiff Lee A. Craft filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that he was discriminated against and "demoted from [his] position of team leader in August 2010" because of his sex. (ECF No. 1-3 at PageID 31.)[1] The EEOC dismissed Plaintiff's discrimination

---

[1] When documents are not internally paginated, or when a single filing contains multiple documents, the Court refers to the Page Identification

charge and issued him a Notice of Right to Sue on August 29, 2012.[2] (ECF No. 1 at PageID 2.)

On November 26, 2012, Plaintiff Lee A. Craft filed a Complaint against Defendant Philips Electronics North America Corporation under Title VII of the Civil Rights Act of 1964. (Id. at PageID 1.) On the same day, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) and a Motion to Appoint Counsel (ECF No. 3). The Court granted Plaintiff's Motion for Leave on November 27, 2012 (ECF No. 4), but denied Plaintiff's Motion to Appoint Counsel on January 29, 2013 (ECF No. 5).

In the Complaint, Plaintiff alleged that Defendant terminated his employment based on his sex. (ECF No. 1 at PageID 2.) Specifically, Plaintiff alleged:

> The circumstances under which defendant discriminated against plaintiff were as follows: gender, deformation [sic] of character by managent [sic] and some co-workers. I was fired for showing my write-up as a result of reliation [sic], wrongful termination, bullying by mangement [sic] manager Sherry McMurrian and supervisor Rolita Turner. I was silenced during pre-shift meeting anybody speak but not me, I was wrote up by Rolita Turner for the process she had not learned the process for, I couldn't tell the people what to do and I was held accountable for incomplete work. Anytime I contact HR Palak Dwivedi about my concerns and complaints their [sic] was always a

---

("PageID") number located at the top right of documents filed on the Electronic Case Files/Case Management system.
[2] The EEOC's dismissal was based on its inability to conclude the existence of a violation. (See ECF No. 1-1 at PageID 4 ("Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.").)

2

> backlash from Management. I have copies of my e-mails. When I would request a vacation day (the borad [sic] would be clean) Rolita would deny me. I had to take the days they told me. Manage [sic] would let people on the floor know about my conversation with HR and they would talk about me or make comments indirectly to me about me.

(Id. at PageID 3.)

Plaintiff sought leave to amend his Complaint on May 16, 2013, alleging the same claims raised in the original Complaint, as well as a hostile work environment claim. (ECF No. 13.) On June 3, 2013, Defendant responded in opposition to Plaintiff's Motion to Amend (ECF No. 16), and filed a Motion for Judgment on the Pleadings (ECF No. 17). On June 7, 2013, Plaintiff filed his own Motion for Judgment on the Pleadings. (ECF No. 18.) Defendant responded in opposition on June 12, 2013. (ECF No. 19.)

On March 25, 2013, the Court referred pretrial matters to the assigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A), and for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). (ECF No. 10.) On July 8, 2013, the Magistrate Judge filed an Order Denying Plaintiff's Motion for Leave to Amend Complaint, and a Report and Recommendation on Defendant's Motion for Judgment on the Pleadings (the "Report and Recommendation"). (ECF No. 22.) In the Report and Recommendation, the Magistrate Judge recommended "that [Defendant's] motion for judgment on the pleadings be

3

granted on all claims." (Id. at 31-32.)  Neither party timely filed objections to the Report and Recommendation, which were due on July 22, 2013.  See Local Rule 72.1(g)(2).

In an Order dated August 19, 2013, the Court adopted the report in part,[3] adopted the recommendation, granted Defendant's Motion for Judgment on the Pleadings, and denied Plaintiff's Motion for Judgment on the Pleadings as moot.  (ECF No. 24 at 11.)  The Court also certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal by Plaintiff would not be taken in good faith.  (ECF No. 24 at 11-12.)  Judgment was entered against Plaintiff on August 19, 2013.  (ECF No. 25.)

On September 19, 2013, Plaintiff filed the instant Motion to Reopen and Keep Amended Charges.  (ECF No. 26.)  In the Motion, Plaintiff reiterates the claims in his original Complaint and asks the Court to reopen his case in the interest of justice.  (Id. at PageID 733.)  Defendant responded in opposition to the Motion on October 2, 2013 (ECF No. 27), and

---

[3] The Court rejected the Magistrate Judge's application of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to Plaintiff's Complaint regarding Title VII claims based solely on Plaintiff's demotion. (See ECF No. 24 at 5 (quoting Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012)).) The Court found

> clear error only in the application of McDonnell Douglas to Title VII claims for relief based solely on Plaintiff's demotion. In his Complaint, however, Plaintiff does not raise Title VII claims based solely on his demotion. Accordingly, the Court need not adopt the referenced application of McDonnell Douglas in order to adopt the Magistrate Judge's recommendation that the Court grant Defendant's Motion for Judgment on the Pleadings.

(Id. at 6-7.)

4

Plaintiff replied without leave of the Court on October 30, 2013 (ECF No. 28).

## II. STANDARD

"[P]ro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 358 (6th Cir. 2012) (citation omitted). "Though the pleading standard for pro se litigants is liberal, it is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" Clark v. Johnston, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). Plaintiff's Motion provides no procedural basis for the Court to grant the relief he requests. (See ECF No. 26.) The Court, however, will construe Plaintiff's Motion as requesting relief from judgment pursuant to Federal Rules of Civil Procedure 59(e) or 60(b).

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion under Rule 59(e) "must comply with the motions filing requirements" as set forth in Rule 7(b). Intera Corp. v. Henderson, 428 F.3d 605, 611 (6th Cir. 2005). Accordingly, a Rule 59(e) motion must state with particularity the grounds on which it rests. See id. at 611 (citing Fed. R. Civ. P. 7(b)(1)). Courts may grant a

5

Rule 59(e) motion if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Culver v. CCL Label, Inc., 455 F. App'x 625, 631 (6th Cir. 2012) (quoting Intera Corp., 428 F.3d at 620) (internal quotation marks omitted). "[A] motion under Rule 59(e) is not an opportunity to re-argue a case." Hill v. Air Tran Airways, 416 F. App'x 494, 498 n.4 (6th Cir. 2011) (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)) (internal quotation marks omitted).

    Under Rule 60(b), "the court may relieve a party . . . from a final judgment." Fed. R. Civ. P. 60(b). To obtain Rule 60(b) relief, "a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Pittman ex rel. Sykes v. Franklin, 282 F. App'x 418, 427 (6th Cir. 2008) (quoting Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004)) (internal quotation marks omitted). Rule 60(b) relief "is circumscribed by public policy favoring finality of judgments and termination of litigation." Id. (quoting Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007)). The following grounds are those that warrant relief from a final judgment under Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

### III. ANALYSIS

In the instant Motion, Plaintiff repeats the same arguments alleged in his Complaint. (Compare ECF No. 26 at PageID 733 with ECF No. 1 at PageID 3.) Plaintiff also makes a general appeal to justice, stating: "I lost my job fighting to get justice please grant me opportunity [sic] to fight for justice because the people at the Memphis facility need know [sic] there is hope in the legal system." (ECF No. 26 at PageID 733.)

Regarding Rule 59(e), Plaintiff has not demonstrated with particularity that the Judgment should be set aside on account of "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

7

prevent manifest injustice." Culver, 455 F. App'x at 631. Plaintiff has simply rehashed the allegations in his initial Complaint, which the United States Court of Appeals for the Sixth Circuit has determined to be insufficient to warrant relief under Rule 59(e). See Hill, 416 F. App'x at 498 n.4.

Regarding Rule 60(b), Plaintiff has not met his burden to establish that the facts of his "case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lommen v. McIntyre, 125 F. App'x 655, 659 (6th Cir. 2005) (quoting Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993)) (internal quotation marks omitted). Moreover, because public policy disfavors relief under Rule 60(b), see Pittman, 282 F. App'x at 427, Plaintiff must demonstrate that his case fits within Rule 60(b)'s enumerated reasons by "clear and convincing evidence." Info-Hold, Inc., 538 F.3d at 454. Plaintiff has not done so.

Thus, the Court finds that Plaintiff has failed to state sufficient grounds for relief under either Rule 59(e) or Rule 60(b).

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Reopen and Keep Amended Charges (ECF No. 26) is DENIED.

**IT IS SO ORDERED,** this 12th day of November, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE